# **EXHIBIT 1**

clf
conservation law foundation

For a thriving New England

CLF Massachusetts   62 Summer Street
Boston MA 02110
P: 617.350.0990
F: 617.350.4030
www.clf.org

July 11, 2024

Bill Blankenship, President, COO
Greyhound Lines, Inc.
P.O. Box 660362
Dallas, TX 75266

Kadir "Kai" Boysan, CEO
Flix North America, Inc.
315 Continental Ave.
Dallas, TX 75207

The Corporation Trust Company
Registered Agent
Greyhound Lines, Inc.
Flix North America, Inc.
1209 Orange St.
Wilmington, DE 19801

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**

    **RE:   Notice of Violations and Intent to File Suit Under the Clean Air Act**

Dear Blankenship and Boysan,

    Conservation Law Foundation ("CLF")[1] hereby gives notice to Greyhound Lines Inc., their agents, and directors and Flix North America, Inc., their agents and directors (collectively "Defendants") of CLF's intent to file suit pursuant to Section 304(a) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a).

    CLF has evidence that Defendants have repeatedly violated, are violating, and will continue to violate the Clean Air Act and the Massachusetts State Implementation Plan ("SIP"), specifically the motor-vehicle idling limits contained in the federally enforceable Massachusetts

---

[1] CLF is a not-for-profit 501(c)(3) organization dedicated to the conservation and protection of New England's environment. Its mission includes safeguarding the health and quality of life of New England communities facing the adverse effects of air pollution. CLF's membership includes individuals who live near the locations at which Greyhound causes, suffers, allows, or permits the unnecessary idling of vehicles owned and/or operated by Greyhound in excess of five minutes. CLF's members, their health and their well-being are harmed by violations of the CAA by Greyhound.



SIP. This letter constitutes notice pursuant to Section 304(b) of the Clean Air Act and 40 C.F.R., Part 54 (the "Notice") to Defendants of CLF's intention to file suit against them in the United States District Court for the District of Massachusetts seeking appropriate civil penalties, equitable relief, and CLF's costs of litigation, including reasonable attorney and expert witness fees, no earlier than 60 days from the postmark of this Notice letter.

Idling engines emit harmful chemicals, gases, and particle pollution (commonly known as soot) that can cause or aggravate a variety of health problems, including asthma and other respiratory diseases. Drivers, passengers, and bystanders, especially children, are all vulnerable to these effects. In addition, pollution from idling vehicles contributes to the generation of ground-level ozone, regional haze, and global climate change.

## REGULATORY BACKGROUND

The Commonwealth of Massachusetts has adopted a SIP within Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), which has been approved by the Environmental Protection Agency under Section 110 of the Act, 42 U.S.C. § 7410. 40 C.F.R. § 52.1123; 40 C.F.R. § 52.1120. The Massachusetts SIP includes the regulation at 310 C.M.R. § 7.11(1)(b) (the "Massachusetts idling regulation"), which provides that "[n]o person shall cause, suffer, allow, or permit the unnecessary operation of the engine of a motor vehicle while said vehicle is stopped for a foreseeable period of time in excess of five minutes," unless such operation is in accordance with a listed exception. 310 C.M.R § 7.11(1)(b); *see also* Mass. Gen. Laws ch. 90, § 16A. Defendants' violations do not fall within any of the listed exceptions.

## HARM CAUSED BY POLLUTANTS

Vehicle idling emits harmful exhaust containing particulate matter and toxic emissions, including nitrogen oxides, sulfur dioxides, benzene, and formaldehyde. Inhaling exhaust can cause lung damage, aggravate conditions like asthma and bronchitis, and lead to increased incidence of heart disease, cancer, and premature death.[2] Exposure to polluted air, particularly the pollutants in vehicle exhaust, is associated with impaired cognitive functions at all ages and

---

[2] STATE AND TERRITORIAL AIR POLLUTION PROGRAM ADMINISTRATORS AND THE ASSOCIATION OF LOCAL AIR POLLUTION CONTROL OFFICIALS, CANCER RISK FROM DIESEL PARTICULATE: NATIONAL AND METROPOLITAN AREA ESTIMATES FOR THE UNITED STATES (2000) (finding that diesel exhaust is responsible for 125,000 additional cancer cases in the U.S. each year); *see generally* SUSAN ANENBERG ET AL., A GLOBAL SNAPSHOT OF THE AIR POLLUTION-RELATED HEALTH IMPACTS OF TRANSPORTATION SECTOR EMISSIONS IN 2010 AND 2015 (2019), https://theicct.org/wp-content/uploads/2021/06/Global_health_impacts_transport_emissions_2010-2015_20190226.pdf.



increased risk of dementia in later life.[3] Children are particularly susceptible to the harms of inhaling exhaust, as they breathe 50% more air per pound of body weight than adults.[4] Prolonged exposure to exhaust fumes can also cause asthma, and exposure before birth can create a propensity for asthma in infants.[5]

Idling is a particularly serious problem in Massachusetts because asthma rates in Massachusetts are significantly higher than national averages: 10.2% of adults and 12.9% of children in Massachusetts currently suffer from asthma,[6] compared to 7.6% of adults and 8.4% of children nationwide.[7] Worcester and Springfield are among the top twenty "asthma capitals" in the United States based on the prevalence of asthma, asthma-related emergency room visits, and deaths due to asthma.[8] And rates of asthma are higher among adults and children in households with lower income.[9]

Tailpipe emissions from vehicles owned and/or operated by Greyhound and Flix were released in high-density areas in Massachusetts, close to homes, schools, businesses, and parks where children live, learn, and play.

---

[3] Jason Kilian & Masashi Kitazawa, *The Emerging Risk of Exposure to Air Pollution on Cognitive Decline and Alzheimer's Disease – Evidence from Epidemiological and Animal Studies*, 41 BIOMEDICAL J. 141 (2018), doi: 10.1016/j.bj.2018.06.001.

[4] EPA, *What You Should Know About Diesel Exhaust and School Bus Idling*, https://nepis.epa.gov/Exe/ZyPDF.cgi/P100304H.PDF?Dockey=P100304H.PDF (last visited June 30, 2024).

[5] Nat. Res. Def. Council, *New Medical Study Says Diesel Exhaust May Cause Asthma, Not Just Aggravate It* (Feb. 13, 2002), https://www.nrdc.org/media/2002/020213-1 (citing Robert J Pandya et al., *Diesel Exhaust and Asthma: Hypotheses and Molecular Mechanisms of Action*, 110 ENVT'L HEALTH PERSPECTIVES 103 (2002), doi: 10.1289/ehp.02110s1103).

[6] *Statistics About Asthma*, COMMONWEALTH OF MASS., https://www.mass.gov/service-details/statistics-about-asthma#:~:text=The%20prevalence%20of%20asthma%20is,in%20Massachusetts%20than%20the%20nation (last visited June 26, 2024).

[7] CTR. FOR DISEASE CONTROL AND PREVENTION, *2015 Archived National Asthma Data*, https://www.cdc.gov/asthma/archivedata/2015/2015_data.html (last visited June 26, 2024).

[8] ASTHMA AND ALLERGY FOUNDATION OF AMERICA, ASTHMA CAPITALS 2021 – THE MOST CHALLENGING PLACES TO LIVE WITH ASTHMA 6 (2021), https://www.aafa.org/media/3040/aafa-2021-asthma-capitals-report.pdf.

[9] *Statistics About Asthma*, COMMONWEALTH OF MASS., *supra* note 6.



**RESPONSIBLE ENTITIES**

Greyhound is a bus transportation company incorporated in Delaware with its principal place of business in Dallas, Texas.[10] Greyhound is a wholly-owned subsidiary of Flix North America, Inc.

Flix North America, Inc. is incorporated in Delaware with its principal place of business in Dallas, TX.[11] Flix North America, Inc. manages their American bus operations.[12] Flix provides bus services around the world, including the United States and in Massachusetts.[13]

Greyhound and Flix service routes from Boston South Station to New York City and Washington, D.C. Greyhound owns and/or operates more than 1,700 vehicles, employs more than 7,500 people, and serves from around 2,300 stations across the United States.[14]

**VIOLATIONS OF FEDERAL LAW**

Based on CLF's observations of Defendants' vehicle activity between December 26, 2023 and June 13, 2024 at the South Boston Bus Lot, located at 569 E. 1st St. S. Boston, MA 02127, and South Station Bus Terminal, located at 700 Atlantic Ave., Boston, MA 02111, Defendants have on many occasions caused, suffered, allowed, or permitted the idling of motor vehicles in excess of the five-minute time period allowed by 310 C.M.R. § 7.11(1)(b) and not in accordance with any exceptions listed in 310 C.M.R. § 7.11(1)(b)(1)–(3). Defendants have violated, are violating, and will continue to violate the Massachusetts idling regulation, the Massachusetts SIP, and the Clean Air Act. Additional information, including information in Defendants' possession, may reveal additional details about the violations described above and may reveal additional violations of the Clean Air Act and the Massachusetts idling-regulation. This letter covers all such violations.

Upon information and belief, Defendants have a regular pattern and practice of exceeding idling limits everyday they operate and have operated at the South Boston Bus Lot and South Station Bus Terminal over at least the past five years.

---

[10] Greyhound Bus Lines, Inc., *Contact Us* (2024), https://www.greyhound.com/help-and-info/contact-us (last visited June 26, 2024); Corporate Disclosure Statement, *Harris v. Greyhound Lines, Inc*. Dkt. No. 2:24-cv-02234-TLP. Doc. 3 (Filed April 15, 2024) [hereinafter "Corporate Disclosure"].
[11] *Id*.
[12] Flixbus, *About Flix* (2023), https://www.flixbus.com/company/about-us. (last visited June 26, 2024). "The Flix team takes care of technology development, network planning, operations management, marketing & sales, quality management, and continuous product expansion."
[13] *Id*.
[14] Greyhound, *About Greyhound* (2024), https://www.greyhound.com/company/about. (last visited June 26, 2024).



**RELIEF REQUESTED**

Defendants are liable for the above-described violations of the Massachusetts anti-idling regulation, 310 C.M.R. 7.11(1)(b), and the Clean Air Act, as well as for violations occurring prior to the date of this letter and for violations that continue afterwards. As violations of a federally enforceable SIP under Section 113(b) of the Clean Air Act, violations of the Massachusetts anti-idling regulation by Defendants, CLF will seek civil monetary penalties up to $121,275 per day for each Clean Air Act violation occurring after November 2, 2015. 42 U.S.C. § 7413(b); *see also* 40 C.F.R. §§ 19.2, 19.4.

In addition to civil penalties, CLF will seek declaratory relief, injunctive relief to prevent further violations of the Massachusetts SIP and the Clean Air Act, and such other relief as permitted by law, including direct implementation of control measures and demonstration of regulatory compliance. CLF will also seek recovery of reasonable attorney and expert witness fees pursuant to Section 304(d) of the Act, 42 U.S.C. § 7604(d). CLF intends to secure appropriate relief for violations described in this notice letter occurring within the five years immediately preceding the mailing of this letter, as well as for violations that occur after the date of this notice letter.

**CONCLUSION**

To prevent the further release of air pollutants that are detrimental to health, it is important that Defendants take immediate steps to ensure that vehicles they own, operate, and/or control comply with the idling regulation.

During the 60-day notice period, CLF is willing to discuss effective remedies for the violations noted in this letter that may avoid the necessity of further litigation. If you wish to pursue such discussions, please contact Clare Soria (csoria@clf.org, (617)-850-1789) or Heather Govern (hgovern@clf.org, (617)-850-1765), as soon as possible so that negotiations may be completed before the end of the 60-day notice period.

                                              Sincerely,

                                              Clare Soria, Esq.
                                              Associate Attorney
                                              Clean Air & Water Program
                                              Conservation Law Foundation, Inc.
                                              62 Summer Street
                                              Boston, MA 02110
                                              csoria@clf.org
                                              (617) 850-1789



Heather A. Govern, Esq.
Vice President, Clean Air and Water Program
Conservation Law Foundation, Inc.
62 Summer Street
Boston, MA 02110
hgovern@clf.org
(617) 850-1765

CC:

Michael S. Regan, Administrator
Environmental Protection Agency
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460-0001

David W. Cash, EPA Region 1 Administrator
Environmental Protection Agency
5 Post Office Square, Ste. 100
Boston, MA 02109-3912

Bonnie Heiple, Commissioner
Massachusetts Department of Environmental Protection
1 Winter Street
Boston, MA 02108-4746

Citizen Suit Coordinator
Environment and Natural Resources Division
Law and Policy Section
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001